Raymond P. Mackanic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

348

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Richard E. Gordon,* with him *William C. Knapp,* for appellant.

*Daniel Schuckers,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 29, 1978:

Raymond P. Mackanic, Claimant, appeals a decision of the Unemployment Compensation Board of Review (Board) affirming a denial of benefits by the Bureau of Employment Security.

Claimant was a fabricating machine operator for the Copperweld Steel Company (Employer) and was required to produce 14,800 pounds of material per day. He consistently produced an output considerably above the per diem requirement and was one day ap-

proached by several of his co-workers who, fearing that the minimum production level for each machine operator would be raised to Claimant's production level, told Claimant that unless he kept his output to the minimum level, he and his family would be "dealt with." The threat was repeated several times and Claimant's wife received several threatening phone calls. Alarmed at this situation, Claimant sought the counsel of Employer's Manager of Industrial Relations and was advised that he could be transferred to another department within the plant. Because the plant is a self-contained unit, Claimant feared that he would not be able to avoid contact with those who threatened him and that the threats would continue and be carried out upon him and his family. He, therefore, decided to terminate his employment.

Claimant's application for unemployment compensation benefits was denied because his actions were deemed to fall within the disqualifying language of Section 402 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which provides in pertinent part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

In affirming the denial of benefits, the Board found that Claimant's refusal to accept a transfer to another department within the plant, at least on a temporary basis, was unreasonable and indicated a lack of necessitous and compelling reason for quitting.

On appeal, Claimant argues that terminating his employment was the only viable means by which to al-

leviate the threats and harassment of his fellow workers.

It is well established that one seeking unemployment compensation benefits has the burden of proving that his termination was with cause of a necessitous and compelling nature by demonstrating that his conduct was consistent with ordinary common sense and prudence under circumstances which were real, substantive and reasonable. *See Aluminum Company of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974).

There is no dispute as to whether Claimant and his family were threatened with reprisals because of Claimant's work habits, but we must question whether it was prudent and reasonable for Claimant to make no effort to pursue a transfer to a different department in the plant.

The record reveals that Employer's plant occupies a 38-acre area covering approximately three city blocks and employs approximately 1,000 people. When asked if he wanted to be transferred to a different department, Claimant stated that he was not interested in any job other than the one he had, and he made no attempt to determine the nature and type of jobs available to him. Employer, on at least two occasions, failed in his attempt to have Claimant reconsider his position.

We cannot say that Claimant acted prudently and reasonably under the circumstances. Had he explored the possible job transfer positions offered by Employer, reasonably determined that the transfer would not help his situation, and then terminated his position, we may be convinced that he left for a necessitous and compelling reason. Because he did nothing, however, we cannot sustain his appeal.

Accordingly, we

ORDER

AND Now, this 29th day of August, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.