Florence Colduvell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 13, 1979, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

*Jerry Cohen,* with him *Edward Blumstein, Klein, Blumstein, Vanore & Block,* for petitioner.

*David R. Confer,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 28, 1979:

Florence Colduvell's claim for unemployment compensation benefits was denied by the Unemployment Compensation Board of Review, on the basis of the referee's determination that she voluntarily terminated her employment without cause of a necessitous and compelling nature under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Claimant's own testimony substantially supports the referee's findings that:

2. During the course of her employment, claimant ran into personal conflicts with her Office Manager because of her lateness when returning from lunch.

3. For the past three years claimant was also annoyed by sexual insinuations habitually made by her Office Manager, as well as momentary physical contacts which he initiated and for which he apologized.

4. Claimant never mentioned the specific causes of her annoyances to her superiors who were in a position to alleviate the situation.

5. Claimant voluntarily terminated her employment because of the aforementioned problems at work.

An unemployment compensation claimant has the burden of proving that job termination was for cause of a necessitous and compelling nature, by showing that one's conduct was consistent with common sense and prudence. *Mackanic v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 347, 390 A.2d 884 (1978); *Aluminum Co. of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974).

Although the record fully supports claimant's contention that her termination was prompted by the re-

peated "sexual insinuations" and "physical contacts" initiated by her office manager, the record also clearly indicated that claimant did not take the required common sense action to obviate the problem so that she would not have to leave. *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973).

Claimant testified that the "sexual insinuations" and "touching," which began 2½ to 3 years before her September 1977 termination, had increased over time. However, during that period, claimant made only one attempt to report this despicable situation to the owner of the company. Approaching the owner, but failing to indicate the nature of the problem, claimant was permanently rebuffed by the owner's reply that at that particular moment he was too busy to see her. Claimant did not attempt to discuss the problem with anyone again before she quit.

The problem of job-related sexual harassment or insinuation is a very difficult one; employees are understandably reticent to complain or try to prove affronts of such a personal and debasing nature, especially when they come from a supervisor.

However, for purposes of unemployment compensation benefits, the law is clear: the claimant must sustain the burden of proving a reasonable attempt to stay on the job. Claimant's failure to give the owners an opportunity to understand the nature of her objection, before resigning, did not meet that burden.

Therefore, we affirm the order of the board denying claimant benefits.

### ORDER

AND Now, this 28th day of December, 1979, the order of the Unemployment Compensation Board of Review in the above captioned case, dated April 6, 1978, is affirmed.