Linda K. West, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*George R. Price, Jr.*, for petitioner.

*Stephen B. Lipson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, August 12, 1980:

Linda K. West (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board), which denied her benefits for voluntarily terminating her employment without cause of a necessitous and compelling nature, pursuant to Section 402 (b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). We affirm.

Claimant had been employed as a bookkeeper by the West Branch Racquet Club (Club). Her last day of work was July 24, 1978, at which time she resigned her job because of alleged improper sexual advances toward claimant made by the new manager during the prior week. Claimant did not report any incident to the owner of the Club and did not discuss her reasons for leaving prior to her resignation. The referee and the Board denied benefits, and this appeal followed.

Claimant's burden is to prove that her job termination was for cause of a necessitous and compelling nature, by showing that her conduct was consistent with common sense and prudence. *Mackanic v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 347, 390 A.2d 884 (1978); *Aluminum Co. of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). Here, the alleged sexual advances occurred after hours. After the first alleged incident, claimant agreed to accompany the new manager to a restaurant, where another alleged incident occurred. Claimant admitted that she resigned without discussing the problem with the owner of the Club. After her resignation, claimant refused to respond to repeated phone calls and a letter from the owner asking for an explanation of why claimant quit. Thus, claimant's conduct was not consistent with common sense and prudence, especially in light of claimant's admission that the owner had previously assured claimant that, if she could not get along with the new manager, the owner would find other work for claimant.

We believe that the instant case is controlled by our recent decision in *Colduvell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979), wherein we reasoned:

> The problem of job-related sexual harassment or insinuation is a very difficult one; employees are understandably reticent to complain or try to prove affronts of such a personal and debasing nature, especially when they come from a supervisor.

> However, for purposes of unemployment compensation benefits, the law is clear: the claimant must sustain the burden of proving a reasonable attempt to stay on the job. Claimant's failure to give the owners an opportunity

to understand the nature of her objection, before resigning, did not meet that burden.

*Id.* at 187, 408 A.2d at 1208.

Accordingly, we enter the following

### ORDER

AND Now, this 12th day of August, 1980, the order of the Unemployment Compensation Board of Review in the above captioned case, dated January 10, 1979, denying benefits to Linda K. West, is hereby affirmed.