GAVLICK PERSONNEL SERVICES, INC., Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 1998.

Decided Feb. 9, 1998.

Jerome L. Cohen, Wilkes–Barre, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether notifying an employer of sexual misconduct by a co-worker is sufficient to prove cause of a necessitous and compelling reason for terminating employment.

Gavlick Personnel Services, Inc. (Employer) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's grant of benefits to Diane Walsh, pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). We affirm.

The UCBR made the following pertinent findings of fact:

2. On December 5, 1996, the claimant attended a breakfast meeting at the Ramada inn [sic] with the secretary/treasurer of the corporation, Ronald Mosca.

3. Prior to entering the Ramada Inn, the claimant was securing her briefcase from the back seat of her car when Ronald Mosca grabbed the claimant's derriere.

4. The claimant directed the employer to stop.

5. The claimant at the time did not notify the president of the corporation, Norman Gavlick, that Ronald Mosca had grabbed her derriere; claimant believed that her rebuttal handled the situation.

6. On January 6, 1997, Ronald Mosca requested the claimant to come to his office to discuss baptizing.

7. The claimant did not understand but did as requested; Ronald Mosca told the claimant he wanted to baptize this relationship and he wanted a 'yes' or 'no' answer.

8. The claimant told him he was a married man and indicated to Mr. Mosca that she wanted no part in a relationship with him.

9. The claimant left the office and went to the photocopy machine.

10. Ronald Mosca followed her and again touched her derriere two more times; claimant demanded that he stop his actions.

11. The claimant left the photocopy machine and was going into the president's office when Ronald Mosca approached her and put his left hand under her skirt and grabbed her left breast with his right hand.

12. The claimant informed Ronald Mosca that she would punch him and she pushed him away.

13. The president was not in his office at the time.

14. The claimant informed the personnel manager of the incident and then the president.

15. The claimant did not report to work on January 7, 1997, and January 8, 1997; the claimant reported off to the employer.

16. A meeting was scheduled for January 9, 1997, which was attended by the claimant, her boyfriend, and president of the corporation and Ronald Mosca. During the meeting claimant reiterated the events of January 6, 1997; Mr. Mosca did not make any denials.

17. The claimant informed the president of the corporation that she would remain at the company if she no longer had to work with Ronald Mosca.

18. The claimant was informed that she would still have to work with Ronald Mosca and that at a later date she might be transferred to a Scranton location.

19. The employer did not have a business located in Scranton at the time he informed the claimant of this nor has he opened a business in the Scranton area.

20. After the meeting, the owner told the claimant's boyfriend he believed something had occurred on January 6, 1997, between the claimant and Ronald Mosca.

21. The claimant voluntarily terminated her employment because of Ronald Mosca's sexual harassment.

Based upon these findings the UCBR determined that Claimant met her burden of proving that she terminated her employment for cause of a necessitous and compelling nature.

On appeal to this Court,[1] Employer argues that the UCBR erred as a matter of law in holding that Claimant had cause of a necessitous and compelling reason for terminating her employment. The crux of Employer's argument is that because it offered Claimant future employment at the office in Scranton that Claimant did not take reasonable steps to preserve her employment. Employer cites *Colduvell v. Unemployment Compensation Board of Review*, 48 Pa.Cmwlth. 185, 408 A.2d 1207 (1979) and *St. Barnabas, Inc. v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 191, 525 A.2d 885 (1987), to support its position. We do not believe *Colduvell* and *St. Barnabas* are instructive here.

 In both *Colduvell* and *St. Barnabas*, benefits were denied because the claimants failed to tell the employer of the harassment prior to terminating their employment. Here, Claimant directly informed Employer's president of the harassment and that she could no longer work with the offender. While failure to accept a reasonable accommodation can evidence a lack of good faith effort to preserve one's employment, *Lapham v. Unemployment Compensation Board of Review*, 103 Pa.Cmwlth. 144, 519 A.2d

1101 (1987), Employer's offer that Claimant work with the offender until she could be assigned to a Scranton office, that did not exist at the time, does not demonstrate a lack of good faith effort to preserve her employment. As Employer could not alleviate the situation at the time the harassment was reported, we hold that Claimant had little choice but to terminate her employment for cause, which we hold to be necessitous and compelling.

Accordingly, we affirm.

### ORDER

AND NOW, this 9th day of February, 1998, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.