OPINION
{¶ 1} Although this appeal was originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Director of the Ohio Department of Job and Family Services ("Director"), appeals a Shelby County Common Pleas Court decision reversing an Ohio Unemployment Compensation Review Commission determination that denied unemployment benefits to Plaintiff-Appellee, Michael Reier. The Director argues that the trial court exceeded its statutory review authority in reversing a Review Commission determination that was not unlawful, unreasonable, or against the manifest weight of the evidence. Because the record from the Review Commission contains competent, credible evidence supporting its determination, the trial court did not have the authority to reverse that decision, and therefore, the trial court erred in reversing the Review Commission decision. Accordingly, we must reverse the judgment of the trial court.
 {¶ 3} Facts and procedural posture pertinent to issues raised on appeal are as follows: On December 10, 2001, Reier began working at Sheakley Uniservice, dba Perfection Bakeries ("Perfection Bakeries"). From December 10, 2001, until December 29, 2001, Reier was trained to perform duties on an assembly line. On Saturday, December 29, 2001, Reier worked his first shift alone. That following Monday, Reier informed the plant manager that the job was too stressful. When Reier maintained that this was not something he could adjust to or work through, the plant manager accepted his resignation.
 {¶ 4} After resigning from Perfection Bakeries, Reier applied for unemployment compensation with the Ohio Department of Job and Family Services ("DJFS"). DJFS issued a determination allowing the claim, concluding that Reier's employment with Perfection Bakeries had been terminated by mutual agreement.
 {¶ 5} Perfection Bakeries appealed the initial determination, averring that:
The Claimant voluntarily quit without good cause in connection with the Employer. On December 31, 2001 the Claimant initiated a conversation with the Plant Manager. He told him that he could not handle the job and was so stressed that he could not eat or sleep. This was a shock to the Plant Manager, due to the fact that Claimant was doing a good job and had not communicated any concerns or displeasure about the job.
There was no mutual agreement between the Plant Manager and the Claimant. The Plant manager was pleased with the Claimant's performance and had no grounds to discharge him.
 {¶ 6} Upon review, DJFS issued a redetermination, indicating that Reier had not in fact quit, but had been discharged because he "was not able to learn or perform the work required." DJFS found that the evidence presented did not establish enough fault on the part of Reier to preclude benefits, concluding that he had been discharged for "nondisqualifying conditions."
 {¶ 7} Perfection Bakeries appealed the redetermination to the Review Commission. After conducting a hearing on the matter, the Review Commission found that Reier had quit his employment without just cause, concluding that:
Claimant advised the plant manager that he did not feel that he could do the job and that he needed to resign. Claimant was not asked to resign nor was he in any danger of losing his job based on his work performance. The plant manager simply acknowledged that if claimant did not believe that he could do the job that his resignation would be acceptable.
 {¶ 8} Reier then appealed the Review Commission decision to the Shelby County Common Pleas Court. Upon review, the trial court reversed the Review Commission's determination. Citing Reier's "unrefuted testimony" that he was unable to perform the job, the court found that an ordinary, intelligent person would quit work if it interfered with his normal daily functions. The court concluded that Reier had met his burden of proving that he quit for just cause and allowed his claim for benefits. The Director appeals this determination on Perfection Bakeries' behalf, presenting the following single assignment of error for review:
 ASSIGNMENT OF ERROR
The lower court erred by reversing the decision of the Review Commission when such decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 9} For the assignment of error, the Director argues that the trial court exceeded its review authority by reweighing the evidence and conducting credibility determinations. The Director maintains that the record before the Review Commission contains competent, credible evidence supporting that Reier quit his employment without just cause.
 {¶ 10} R.C. 4141.29(D)(2)(a) provides that an individual is not eligible for unemployment benefits if "[t]he individual quit work without just cause or has been discharged for just cause in connection with the individual's work * * *." "Just cause" has been defined as "that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act."[1] The claimant has the burden of proving entitlement to unemployment compensation under applicable statutory provisions, including the existence of just cause for quitting work,[2]
and must make a reasonable attempt to stay on the job if feasible to do so.[3]
 {¶ 11} R.C. 4141.282(H) requires common pleas courts to uphold Review Commission decisions unless found to be unlawful, unreasonable, or against the manifest weight of the evidence.[4] In Irvine v.Unemployment Compensation Board of Review, the Ohio Supreme Court explained:
The determination of whether just cause exists necessarily depends uponthe unique factual considerations of the particular case. Determinationof purely factual questions is primarily within the province of thereferee and the board. Upon appeal, a court of law may reverse suchdecisions only if they are unlawful, unreasonable, or against themanifest weight of the evidence. Like other courts serving in anappellate capacity, we sit on a court with limited power of review. Suchcourts are not permitted to make factual findings or to determine thecredibility of witnesses. The duty or authority of the courts is todetermine whether the decision of the board is supported by the evidencein the record. The fact that reasonable minds might reach differentconclusions is not a basis for the reversal of the board's decision.Moreover, "[o]ur statutes on appeals from such decisions [of the board]are so designed and worded as to leave undisturbed the board's decisionson close questions. Where the board might reasonably decide either way,the courts have no authority to upset the board's decision.[5]
 {¶ 12} As the trier of fact, deference is afforded to the Review Commission's findings because the board "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."[6] In this regard, the Review Commission may find even "unrefuted" testimony to be incredible.[7] In contrast, courts are limited to reviewing a "cold" record in administrative appeals.[8]
Accordingly, the Review Commission's determination must be afforded a presumption of correctness and may not be reversed where supported by some competent, credible evidence.[9]
 {¶ 13} In his application for benefits, Reier cited as reasons for quitting that his weekly progress report said he was slow, that he felt he could not meet the job requirements, and that he was a nervous wreck. In response to a DJFS request for information, Reier indicated that he believed that he was not making any progress and would have been let go anyway; however, he conceded that no warnings had been given and no company rules or policies had been broken. In contrast, Perfection Bakeries reported that "[t]his was a shock to the Plant Manager, due to the fact that Claimant was doing a good job and had not communicated any concerns or displeasure about the job" and that "[t]he Plant manager was pleased with the Claimant's performance and had no grounds to discharge him." Perfection Bakeries indicated in their information request response that Reier had quit because of personal dissatisfaction with the job.
 {¶ 14} At the Review Commission hearing, the plant manager, Wendell Blankenship, testified as follows: After being trained for three weeks, Reier worked his first day alone on Saturday, December 29, 2001. That following Monday, he came into Blankenship's office stating that the stress was too much and that he could not handle the job. Blankenship reported that Reier was performing well considering the short duration of his employment, stating:
He initiated the termination by coming to me that Monday morning in my office. It was a total surprise to me and everyone else there, because like I said he was doing a fairly good job where I felt comfortable putting him by himself. And I would not do that to someone who I thought their job was in jeopardy, because they were too slow or not doing the job properly. I would not put that person by themselves on that job.
 {¶ 15} Blankenship requested that Reier just give it a couple more days and get used to the flow. Reier responded that he did not think it was possible. Blankenship informed Reier that if he did not believe he could do the job he was assigned to, there was nothing else available at the bakery. Reier elected to terminate his employment and Blankenship accepted his resignation.
 {¶ 16} As outlined above, the Review Commission's determination was based upon the statements and testimony of Reier and Blankenship. Its decision reflects that in assessing the credibility of Reier's bare allegations against Blankenship's testimony as to Reier's job performance and lack of prior complaint, the Review Commission concluded that Reier had not met his burden of proving that he quit for just cause. Although the trial court regarded this testimony as "unrefuted," the evidence presented at the hearing did not conclusively show that Reier had quit for legitimate health reasons. Affording appropriate deference to the Review Commission's credibility assessment, we cannot say that reasonable minds could not conclude that Reier had quit without just cause. Therefore, because the record before the Review Commission contains competent, credible evidence supporting its determination, neither we nor the trial court have the authority to reverse that decision.
 {¶ 17} Accordingly, the Director's assignment of error is sustained.
 {¶ 18} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Shelby County Common Pleas Court is hereby reversed.
Judgment reversed.
BRYANT, P.J., and SHAW, J., concur.
[1] Irvine v. Unemployment Comp. Bd. of Review (1985), 19 Ohio St.3d 15,17, quoting Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10, 12.
[2] Id.
[3] Cf. Krawczyszyn v. Ohio Bur. of Emp. Serv. (1988), 54 Ohio App.3d 35,37, quoting Coldwell v. Unemployment Comp. Bd. of Review (1979),48 Pa. Commw. 185, 408 A.2d 1207, 1208.
[4] See, e.g., Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694, 653, paragraph one of syllabus.
[5] Irvine, 19 Ohio St.3d at 17 (citations omitted).
[6] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
[7] See, e.g., Stevenson v. Stevenson (May 30, 2000), 3rd Dist. No. 1-99-98, 2000-Ohio-1851.
[8] Marsh v. Unemployment Comp. Bd. of Review (June 25, 1996), 10th Dist. No. 96APE02-175.
[9] Seasons Coal, 10 Ohio St.3d at 80; Irvine,19 Ohio St.3d at 17.