IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laurie A. McLean,                         :
                    Petitioner           :
                                          :
        v.                                :
                                          :
Unemployment Compensation                 :
Board of Review,                          :    No. 429 C.D. 2019
                    Respondent            :    Argued: November 14, 2019


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED: December 13, 2019


        Laurie A. McLean (Claimant) petitions for review of the March 15,
2019 order of the Unemployment Compensation Board of Review (Board) affirming
the decision of the referee to deny Claimant unemployment compensation benefits
(benefits) under Section 402(b) of the Unemployment Compensation Law (Law),[1]
which provides that a claimant shall be ineligible for benefits for any week in which
her unemployment is due to voluntarily leaving work without cause of a necessitous
and compelling nature.  Upon review, we affirm.

        Claimant was employed full time as a reading specialist with Upper
Darby School District (Employer) from September 2000 to February 2018.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b).

Referee's Decision & Order at 1, Finding of Fact (F.F.) 1, Certified Record (C.R.) at 74.[2] Claimant worked in elementary schools until Employer transferred her to the high school in June 2017. *See* Internet Initial Claims at 4, C.R. at 13. On February 2, 2018, Claimant sustained an injury at work during a physical altercation amongst a group of students in her classroom. F.F. 2. After leaving work following the February 2018 incident, Claimant's doctor cleared her to return to part-time "light duty work" that same month. Transcript of Testimony (T.T.), 1/10/19 at 10 & 13, C.R. at 60 & 63. Claimant had health and safety concerns upon her return to work, but did not inform Employer of these concerns. F.F. 5 & 6. A second incident occurred shortly after Claimant returned, but it was not as severe and Claimant continued working. T.T. at 12-13, C.R. at 62-63. Employer then informed Claimant it could no longer accommodate her part-time schedule. T.T. at 12, C.R. at 62. Claimant again left work and received workers' compensation until August 2018, when her doctor released her to return to work without restrictions. F.F. 3 & 4; *see also* T.T. at 13, C.R. at 64. Claimant submitted a notice of resignation to Employer on August 16, 2018. F.F. 7. Claimant resigned her position due to health and safety concerns. F.F. 8.

Claimant thereafter applied for benefits. Internet Initial Claims at 2, C.R. at 11. Claimant noted that she had taken a leave of absence and was receiving workers' compensation benefits after she was assaulted in a "violent mob fight in the workplace" during which she sustained physical injuries, and that she was suffering from post-traumatic stress disorder (PTSD) and anxiety and was under a doctor's care. Internet Initial Claims at 3-4, C.R. at 12-13. Claimant contended that she was unable to work due to anxiety and PTSD stemming from an unsafe

---

[2] Our citations to the Certified Record reference the page numbers of the PDF document, as the record is not paginated.

workplace, and that she was not supported by administration. Internet Initial Claims at 3, C.R. at 12.

The Unemployment Compensation (UC) Service Center deemed Claimant ineligible for benefits, finding that she voluntarily quit for personal reasons, and Claimant appealed. Notice of Determination at 1, C.R. at 33; Petition for Appeal, 12/14/18, C.R. at 37. A referee held a hearing, in which Claimant and Employer's assistant superintendent participated. T.T. at 1-2, C.R. at 50-51. The referee affirmed the UC Service Center's denial of benefits, determining that Claimant voluntarily left employment due to health and safety concerns, that Claimant failed to present competent evidence that health or safety reasons existed to prevent her return to work and that Claimant failed to inform Employer of her health or safety concerns prior to resigning. Referee's Decision at 2-3, C.R. at 74-75.

Claimant appealed, and the Board affirmed, adopting the referee's findings of fact and conclusions of law. Board's Decision & Order at 1-2, C.R. at 101-02. The Board found that Claimant failed to inform Employer of the reason for her resignation, noting that Claimant admitted in her brief that she had left blank the portion of the resignation form inquiring as to the reason for leaving employment. Board's Opinion and Order at 1, C.R. at 101. Thus, the Board concluded that Claimant did not act with ordinary common sense in trying to keep her job. Board's Opinion and Order at 1, C.R. at 101. Claimant then petitioned this Court for review.

Before this Court,[3] Claimant argues that she had necessitous and compelling cause to quit her employment and, therefore, requests that this Court

---

[3] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed or whether

3

reverse the Board's order. Claimant's Brief at 18-19. Claimant contends that working conditions that subject a claimant to safety hazards can constitute necessitous and compelling cause to quit employment. *Id.* at 14 (citing *Green Tree Sch. v. Unemployment Comp. Bd. of Review*, 982 A.2d 573, 577 (Pa. Cmwlth. 2009)). Further, Claimant asserts that an employer's refusal to address an objectively legitimate safety concern brought to its attention by a claimant provides necessitous and compelling cause to quit. *Id.* (citing *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126, 1128-30 (Pa. Cmwlth. 1998)). Claimant maintains that Employer "completely ignor[ed]" and failed to mention the "written safety concern and suggestion" she made in the written workers' compensation report.[4] *Id.* at 17-18. Claimant asserts that "[E]mployer must be charged with knowledge of [C]laimant's legitimate safety concerns," and maintains that "[t]he fact is, . . . [Employer] simply did not care about those concerns." *Id.* at 17. Claimant also asserts she acted reasonably under the circumstances to preserve her employment. *Id.* at 14.

A claimant who voluntarily terminates employment has the burden of proving that a necessitous and compelling cause existed. *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012); *see* 43 P.S. § 802(b). Employees who claim to have left their employ for a necessitous and compelling reason must prove:

---

constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[4] Claimant indicates that her safety concern was "violent mob formation in the hallways of [the high school]." Claimant's Brief at 16. However, Claimant does not specify what her suggestion was, but she is presumably referring to her recommendation in the work-related incident report that Employer provide security in hallways of the high school, as Claimant mentioned in the factual summary of her brief. *See id.* at 7; *see also infra* discussion pp. 6-7.

4

(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Comp. Bd. of Review*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

Claimant correctly notes that an unsafe work environment may provide a necessitous and compelling reason to resign. *See* Claimant's Brief at 14 (citing *Green Tree Sch.*, 982 A.2d at 577). However, in order to demonstrate necessitous and compelling cause, an employee bears the burden to establish that she took all necessary and reasonable steps to preserve the employment relationship. *Peco Energy Co. v. Unemployment Comp. Bd. of Review*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996). A claimant is not eligible for benefits absent evidence that she "explored other options less drastic than quitting [her] job[.]" *Draper v. Unemployment Comp. Bd. of Review*, 718 A.2d 383, 385–86 (Pa. Cmwlth. 1998). Thus, "even where there is a real and serious safety concern, the claimant must make a reasonable attempt to seek protection from the danger before resigning from her job." *Scavillo v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 2723 C.D. 2015, filed Sept. 29, 2016), slip op. at 8[5] (citing *Dep't of Corr. v. Unemployment Comp. Bd. of Review*, 547 A.2d 470, 474 (Pa. Cmwlth. 1988); *Iaconelli v. Unemployment Comp. Bd. of*

---

[5] This Court's unreported memorandum opinions may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

*Review*, 423 A.2d 754, 756 (Pa. Cmwlth. 1980); *Mackanic v. Unemployment Comp. Bd. of Review*, 390 A.2d 884, 886 (Pa. Cmwlth. 1978)).

We note that on February 2, 2018, Claimant completed the section of Employer's work-related incident report regarding how the incident could have been prevented, stating that "[s]tudents could have complied and left the room when told, security could have been quicker, halls could be monitored so mobs are prevented," and "[s]ecurity should be in hallways between classes[.]" Work Related Incident Report at 1-2, C.R. at 69-70. However, the Board found that "[C]laimant did not inform . . . [E]mployer of her concerns" and, despite asserting that Employer should be charged with knowledge of her safety concerns, Claimant does not argue that this finding lacks substantial evidentiary support. F.F. 6; Board's Decision & Order at 1, C.R. at 101; *see also* Claimant's Brief at 17. Therefore, this finding is conclusive on appeal. *See Gibson v. Unemployment Comp. Bd. of Review*, 760 A.2d 492, 494 (Pa. Cmwlth. 2000) (stating that if a petitioner fails to challenge the factual findings, they are conclusive on appeal).

Nevertheless, as noted above, Claimant contends that "[E]mployer must be charged with knowledge of [C]laimant's legitimate safety concerns." Claimant's Brief at 17. Claimant maintains that Employer "simply did not care about [these] concerns" and "chose to do nothing about" them. *Id.* at 17-18. However, in attempting to shift the onus to Employer, Claimant evidently fails to appreciate that she bears the burden of proving that she made a reasonable effort to preserve her employment. *See Brunswick Hotel & Conference Ctr., LLC*, 906 A.2d at 660.

When Claimant submitted her resignation form to Employer, approximately six-and-a-half months after completing the incident report, Claimant

6

omitted the reason for her resignation. Board's Decision at 1, C.R. at 101. Additionally, Claimant did not tell the secretary to Employer's assistant superintendent that she did not feel safe returning to work until *after* she submitted her resignation. *Id.* We note that even communicating these concerns at the time of resignation would not have provided Employer the requisite notice. *See Blackwell v. Unemployment Comp. Bd. of Review*, 555 A.2d 279, 281-82 (Pa. Cmwlth. 1989) (stating that informing an employer of an issue at the time of resignation does not satisfy a claimant's burden to provide the requisite notice). Claimant testified that Employer sent the e-mail accepting her resignation later that same day. *See* T.T. at 14-15, C.R. at 64-65. "It is well established that *prior* to terminating employment the claimant must establish that [s]he has made a reasonable effort to advise the employer of the problem or has otherwise made a reasonable effort to preserve [her] employment." *Iaconelli*, 423 A.2d at 756 (emphasis added).[6] We therefore conclude that Claimant failed to demonstrate that she made a reasonable effort to preserve her employment. *See Brunswick Hotel & Conference Ctr., LLC*, 906 A.2d at 660. Thus, the Board did not err in concluding that Claimant was unable to establish that she had necessitous and compelling cause to quit. *See id.*

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] Because a claimant must demonstrate all four elements in order to establish necessitous and compelling cause to quit, it is evident that Claimant cannot prevail. *See Brunswick Hotel & Conference Ctr., LLC*, 906 A.2d at 660. We therefore decline to address the remaining *Brunswick* factors.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laurie A. McLean, : 
               Petitioner : 
  : 
       v. : 
  : 
Unemployment Compensation : 
Board of Review, :    No. 429 C.D. 2019
               Respondent : 

O R D E R

AND NOW, this 13th day of December, 2019, the March 15, 2019 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge