Connie Perrelli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

606

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Michelle Terry*, with her *Mark A. Kaufman*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

Claimant appeals to this Court to vacate an order of the Unemployment Compensation Board of Review (Board), which upheld a referee's determination that claimant is ineligible for benefits under Section 402 (b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), for voluntarily terminating her employment without cause of a necessitous and compelling nature.

Claimant Perrelli had worked for approximately four months as a management trainee for Dial Finance

Company (employer), when she voluntarily terminated her employment on December 14, 1979. Her terse letter of resignation to the employer stated that she was leaving because of her "dislike in handling collection accounts." In the Summary of Interview from her local unemployment office, which she signed, she listed innumerable job pressures[1] which precipitated her resignation.

At the hearing before the referee, the employer was represented by the manager of the branch for which claimant had worked; claimant offered only her own testimony. At the conclusion of the hearing a representative for the local office testified that claimant had made reference to sexual harassment as one reason for leaving the job. Under prodding from the referee, claimant testified that there was "some sexual harassment on the job but, you know, I feel as though the collections were the main thing that caused me my headaches and stiff neck and constant state of depression." When asked point blank whether the reason for her termination was the collections or the sexual harassment, claimant said, "it was the collections."

When the referee denied benefits, claimant appealed to the Board, which affirmed the decision of the referee. Upon appeal to this Court, claimant assigns as error the failure of the Board to consider claimant's allegations of sexual harassment cause of a necessitous and compelling nature for her resignation.

Absent fraud or its equivalent, our scope of review is delimited by resolutions of

> [Q]uestions of law and a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board questions of credibility and weight of the evidence, and

---

[1] Sexual harassment was not one of the pressures listed.

giving to the prevailing party the benefit of any favorable inferences which can reasonably and logically be drawn therefrom. *Horace W. Longacre, Inc., v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 178, 316 A.2d 110, 111 (1974).

The Board made six findings of fact in this case, all of which were supported by competent evidence. Findings 1 and 6 were not disputed. Findings 2, 4, and 5 were completely supported by claimant's testimony. Finding 3 was supported in part by claimant and in part by the testimony of the employer.

Having so determined, we examine whether the findings will support a conclusion that the claimant voluntarily terminated her employment without cause of a necessitous and compelling nature. *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980). In a Section 402(b)(1) case, the burden is on the claimant to prove such cause. *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974).

As previously noted, at the referee's hearing, claimant had to be urged to elaborate on her verbal allegation to the local office representative that there was sexual harassment on the job. She minimized the effect of the harassment. From the outset of the case, she maintained that it was the pressures of her collection duties which were the determining factors in her resignation.

Claimant now asks this Court to remand[2] her case

---

[2] Claimant addressed several letters to the Board (3/6, 4/10, and 4/16) in which she elaborated on her testimony. Not until her letter of April 10 does she ask the Board to consider the sexual harassment, calling it a "new issue", totally disregarding the fact that it had been raised at the hearing. However, post-hearing factual communications to the Board by a party cannot be considered by it in its

for further proceedings to explore the facts of the harassment, and application of the "Colduvell standard." In *Colduvell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979), which involved an allegation of sexual harassment as necessitous cause for voluntarily terminating employment, this Court stated that

> [F]or purposes of unemployment compensation benefits, the law is clear: the claimant must sustain the burden of proving a reasonable attempt to stay on the job. Claimant's failure to give the owners an opportunity to understand the nature of her objection, before resigning, did not meet that burden.

48 Pa. Commonwealth Ct. at 187, 408 A.2d at 1208. The referee advised claimant that this could certainly have a bearing on her eligibility for benefits, yet she unequivocally testified that her primary reason for resigning was the collections. She had a fair hearing with the opportunity to present any testimony or evidence she wished; her simple failure to sustain her burden presents no extraordinary circumstances[3] which would warrant a remand for a second bite of the apple. *Accord, Gordon, supra,* n. 2.

Claimant also failed to meet her burden on the medical reason for termination.

> A claimant who voluntarily terminates her employment for health reasons must (1) offer

determination, not only for due process considerations, but also under the limiting language of 34 Pa. Code §101.106, which restricts the review of the Board to "both the facts and the law pertinent to the issues involved on the basis of the evidence *previously* submitted." (Emphasis added.) It is within the discretion of the Board to consider the letters as requests for a rehearing and deny same. *Cf. Gordon v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979).

[3] Employer testified that he had no idea that sexual harassment contributed to claimant's resignation.

610

competent testimony that at the time of her termination adequate health reasons existed to justify termination; (2) inform the employer of the health problems; and (3) specifically request the employer to transfer her to a more suitable position. *McQuiston v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 250, 253, 390 A.2d 317, 318 (1978). Testimony established that claimant neither informed her employer that her health problems were causally connected to her employment, nor requested a position compatible with her condition.

We therefore affirm the order of the Board.

### ORDER

AND Now, the 18th day of March, 1981, the decision and order of the Unemployment Compensation Board of Review, Decision No. B-183087 is affirmed.