William B. Bush, M.D., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Horse Racing Commission, Respondent.

Argued May 9, 1983, before Judges CRAIG, MAC-PHAIL and BARBIERI, sitting as a panel of three.

C. Lee Anderson, for petitioner.

John B. Hannum, Jr., with him Gerald T. Osburn, for respondent.

OPINION BY JUDGE BARBIERI, October 11, 1983:

This is an appeal from an order of the Pennsylvania Horse Racing Commission (Commission) modifying a penalty that had been imposed by the Board of Stewards (Board) of the Penn National Race Track against Loren G. Cox, the owner of a horse named "Cool Miss," for an infraction of 58 Pa. Code §163.304 (2).[1] We will reverse and remand.

---

[1] 58 Pa. Code §163.304(2) provides that "[t]he test level of phenylbutazine under this section shall not be in excess of two micrograms (mcg) per milliliter (ml) of plasma." The Board found that Cool Miss had on the day of the race in question 2.4 micrograms of the drug phenylbutazine in its system.

Following her first place finish in the sixth race at Penn National Race Track on March 13, 1981, Cool Miss was subjected to a blood test, and the results of this test established that she had had an impermissible level of the drug phenylbutazine in her system. Based on this evidence, the Board, pursuant to the provisions of 58 Pa. Code §163.340 and 58 Pa. Code §163.303(c): (1) suspended Cool Miss' owner from racing for fifteen days, (2) disqualified Cool Miss from the March 13, 1981 race, and (3) required Cool Miss' owner to forfeit the purse money. Cool Miss' owner then appealed this decision to the Commission. Following a hearing on the matter, the Commission modified the penalty imposed by the Board to a simple $400.00 fine. William B. Bush, M.D., the owner of the horse that placed second to Cool Miss at the March 13, 1981 race, then brought the present appeal.

Before this Court, Dr. Bush asserts that the Commission had no authority to rescind that portion of the Board's order requiring the forfeiture of the purse. We agree.

Although 58 Pa. Code §163.303(c) was amended after the date of the race at Penn National Race Track to read that "[a] finding . . . of a foreign substance or an approved substance used in violation of §§160.302-160.308 of this title (relating to illegal practices) in any test sample of a horse participating in a race *may* result in the horse being disqualified from purse money" (emphasis added); at the time of the March 13, 1981 race 58 Pa. Code §163.303(c) provided that a finding of an impermissible level of a substance in a test sample of a horse participating in a race *"shall* result in the horse being disqualified from purse money. . . ." (Emphasis added.) In its brief to this Court, however, the Commission alleges that it was not required to order the forfeiture of the purse since (1) the amendment to 58 Pa. Code §163.303(c)

had a retroactive effect, or, in the alternative (2) the provisions of 58 Pa. Code §163.303(c) were superseded by the provisions of 58 Pa. Code §163.342(k) which reads in its entirety as follows:

(k). In case of suspension or fine by the Stewards of owners, trainers, or any other persons holding an occupational or participational license, a final order may be entered by the Commission, which may either sustain the ruling of the Stewards, increase the penalty, reinstate said offender, or otherwise modify the penalty, as it believes appropriate to the circumstances.

We find no merit in either of these arguments.

Section 1926 of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1926, provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." . This provision, of course, is equally applicable to Commission regulations. 1 Pa. Code §1.7. Here, the Commission, in modifying 58 Pa. Code §163.303(c), expressed no intention to have the amendment have retroactive effect. Therefore, we must reject the Commission's retroactivity argument.

With respect to the Commission's second argument, suffice it to say that 58 Pa. Code §163.342(k), by its very terms, is only applicable to suspensions or fines, and has no applicability to the sanction of forfeiture of a purse.

We do note, however, that 58 Pa. Code §161.1(e) provides that "[t]he Commission may rescind or modify *any penalty or decision* on infraction of the rules imposed or made by the racing officials. . . ." (Emphasis added.) We do not believe that this general provision, however, is meant to supersede the specific requirement, previously found in 58 Pa. Code §163.303(c), which required the forfeiture of purse money where a foreign substance, or an impermissible

level of an approved substance, was found in a horse participating in a race. To find otherwise would lead to the conclusion that the version of 58 Pa. Code §163.303(c) at issue in this case was meaningless, and such a conclusion would run contrary to the presumption found in Section 1922(2) of the Act, 1 Pa. C. S. §1922(2).

Since the Commission clearly erred by not affirming the Board's order requiring purse forfeiture, we shall reverse the Commission's order and remand this case back to the Commission so that they may enter an order requiring purse forfeiture, and such other sanctions as the Commission deems appropriate.

### ORDER

AND Now, this 11th day of October, 1983, the decision of the Pennsylvania State Horse Racing Commission, dated July 20, 1981, is hereby reversed, and the case is remanded to the Commission with directions to impose the penalty found at 58 Pa. Code §163.303(c), as it was in effect on March 13, 1981, and further to review those other penalties imposed by the Board of Stewards pursuant to the Commission's powers at 58 Pa. Code §163.343(k).