**Chang S. HAN, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 28, 2011.

Decided March 7, 2012.

Publication Ordered May 15, 2012.

David L. Hill, Philadelphia, for petitioner.

Carol J. Mowery, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge,[1] and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Chang S. Han (Claimant) petitions for review of the June 13, 2011, order of the Unemployment Compensation Board of Review (Board) dismissing his appeal as untimely pursuant to section 502 of the Unemployment Compensation Law (Law).[2] We affirm.

---

1. This case was assigned to the opinion writer on or before January 6, 2012, when President Judge Leadbetter completed her term as President Judge.

2. Act of December 5, 1936, Second Ex.Sess. P.L. (1937) 2897, *as amended,* 43 P.S. § 822. Section 502 states, in pertinent part:

On March 18, 2011, a referee issued a decision that denied Claimant unemployment compensation benefits. That same day, a copy of the decision was mailed to Claimant at his last known post office address, and there is no indication that it was returned by the postal authorities as undeliverable. The decision included a notice advising Claimant that he had 15 days within which to file an appeal to the Board. In order to be timely, Claimant's appeal of the referee's decision had to be filed on or before April 4, 2011. However, Claimant's appeal was not filed until May 5, 2011. On May 19, 2011, the Board advised Claimant in writing that his petition for appeal appeared to be untimely and informed him that, if he believed that his appeal was or should be deemed to be timely filed, he must reply in writing and request that a hearing be held to set forth his reasons why he believed his appeal was timely filed. More specifically, the Board's letter stated the following, in relevant part:

> If you believe that you filed your appeal within the fifteen (15) day period or that it should be deemed timely for other reasons, *you must request the Board by letter* that a hearing be scheduled to allow opportunity to set forth your reasons as to why you believe your appeal was timely filed. Please mail your letter to the Board at the above letterhead address. Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.

(Certified Record (C.R.) Item No. 10) (emphasis in original.)

Claimant sent a written response to the Board but did not request a hearing on the timeliness of his appeal. (Board Decision and Order at 1–2.) As a result, the Board issued an order dismissing Claimant's appeal as untimely pursuant to section 502 and section 101.61(a) of the Department's[3] regulations.[4] (*Id.* at 2.) Claimant then filed the instant petition for review.[5]

In this appeal, Claimant contends: (1) he filed a timely appeal of the referee's decision; (2) the Board erred in dismissing his appeal under section 101.61(a) of the regulations because he failed to request a hearing on the timeliness of his appeal; and (3) the Board erred in disregarding the provisions of section 101.82(b)(5) of the regulations[6] providing that an appeal is

---

[T]he parties and their attorneys or other representatives of record and the department shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, *which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days* after the date of such decision the board acts on its own motion, to review the decision of the referee....

43 P.S. § 822 (emphasis added.)

3. The Department is the Commonwealth's Department of Labor and Industry. 34 Pa.Code § 101.2; *Gadsden v. Unemployment Compensation Board of Review*, 84 Pa.Cmwlth. 375, 479 A.2d 74 (1984).

4. 34 Pa.Code § 101.61(a).

5. This Court's scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Shrum v. Unemployment Compensation Board of Review*, 690 A.2d 796, 799 n. 3 (Pa.Cmwlth.), *appeal denied*, 548 Pa. 663, 698 A.2d 69 (1997).

6. Section 101.82(b) provides:

(b) A party may file a written appeal by any of the following methods:

\* \* \*

(5) *Personal delivery to a workforce investment office or the Board.* The filing date will be the date the appeal was personally delivered to the workforce investment office or the Board during its normal business hours. 34 Pa.Code § 101.82(b)(5). In turn, section 101.2 of the regulations de-

deemed to be received on the date that it is delivered to a "workforce investment office". In support of these contentions, Claimant relies upon facts contained in the attachments to his petition for appeal that he filed with the Board on May 5, 2011.

However, as noted above, section 502 of the Law specifically provides that "[t]he referee's decision, and the reasons therefor, ... shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision...." 43 P.S. § 822. The referee's decision becomes final, and the Board does not have jurisdiction to consider the matter, if an appeal is not filed within the 15–day period. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197–98 (Pa.Cmwlth. 2008).

Moreover, section 101.61(a) of the Department's regulations provides:

(a) If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed *and that he desires a hearing*. If no reply from the appealing party is received within the 15–day period, *or if the appealing party does not request a hearing, the tribunal shall*

*dismiss the appeal or application for further appeal.*

34 Pa.Code § 101.61(a) (emphasis added.) [7]

Finally, section 101.106 of the regulations provides, in pertinent part:

In connection with the consideration of an appeal to the Board from the decision of a referee, the Board may review both the facts and the law pertinent to the issues involved on the basis of the evidence previously submitted, or direct the taking of additional testimony....

34 Pa.Code § 101.106. It is well settled that the Board is restricted to reviewing the evidence submitted by the referee unless it takes additional evidence under section 101.106 of the regulations. *Pifer v. Unemployment Compensation Board of Review*, 163 Pa.Cmwlth. 62, 639 A.2d 1293, 1295 (1994); *Tener v. Unemployment Compensation Board of Review*, 130 Pa. Cmwlth. 433, 568 A.2d 733, 737–38 (1990). Thus, "[p]ost-hearing factual communications to the Board by a party cannot be considered by it in its determination, not only for due process considerations, but also under the limiting language of [section 101.106]...." *Perrelli v. Unemployment Compensation Board of Review*, 57 Pa. Cmwlth. 605, 426 A.2d 1272, 1274 n. 2 (1981). See also *Ellwood City Hospital v. Unemployment Compensation Board of Review*, 73 Pa.Cmwlth. 78, 457 A.2d 231, 233 n. 3 (1983) (holding that the consideration by the Board of evidence that was not produced at the referee's hearing but that was attached by a claimant to his petition for appeal from the referee's decision was harmless error because there was sufficient record evidence on the point.)

The foregoing shows precisely why the Board instructed Claimant in the letter to

---

fines "workforce investment office," in pertinent part, as "[a] workforce investment office may be identified as a Team Pennsylvania CareerLink." 34 Pa.Code § 101.2.

7. Section 101.2 of the regulations defines tribunal as "[t]he Board or one of its referees." 34 Pa.Code § 101.2.

request a hearing on the timeliness of his appeal: the Board is without jurisdiction to further consider the matter under section 502, and it is precluded from considering the facts underlying the timeliness of Claimant's appeal unless they are adduced at a hearing on that issue. Claimant prevented the Board from considering his claims regarding the timeliness of his appeal by failing to request such a hearing and, as a result, we are constrained to conclude that the Board did not err in dismissing his appeal as untimely.[8]

Accordingly, the Board's order is affirmed.

### ORDER

AND NOW, this 7th day of March, 2012, the June 13, 2011, order of the Unemployment Compensation Board of Review is affirmed.

---

**8.** In support of his assertion that the Board engaged in an overly restrictive reading of the regulations in dismissing the instant petition for appeal, Claimant cites *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984). However, this Court has explained, "[w]hile *Miller* is the standard by which the timeliness of appeals under the Rules of Appellate Procedure must certainly be judged, the Supreme Court's holding in that case is not applicable to appeals made to administrative agencies." *Vereb v. Unemployment Compensation Board of Review,* 676 A.2d 1290, 1294 (Pa.Cmwlth.1996) (citations omitted.)

Moreover, the Pennsylvania Supreme Court has noted that "[S]ection 1921 of the Statutory Construction Act provides: When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). This same principle applies to Department regulations as well. See *Bush v. Pennsylvania Horse Racing Commission,* [77 Pa.Cmwlth. 444, 466 A.2d 254 (Pa.Cmwlth.1983) ]." *Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.),* 552 Pa. 22, 26, 713 A.2d 87, 89 (1998). Accordingly, we cannot ignore the plain and unambiguous provisions of section 101.61(a) compelling the dismissal of Claimant's petition for appeal.