# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey B. Morgan,  :
                Petitioner  :
                :
        v.  :  No. 379 C.D. 2015
                :  No. 412 C.D. 2015
Unemployment Compensation  :  Submitted: August 7, 2015
Board of Review,  :
                Respondent  :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED: September 2, 2015**


Petitioner Jeffrey B. Morgan (Claimant), appearing *pro se*, petitions this Court for review of two orders of the Unemployment Compensation Board of Review (Board), which dismissed Claimant's appeals to the Board as untimely under Section 502 of the Unemployment Compensation Law (Law).[1] For the reasons discussed below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822. Section 502 of the Law provides, in pertinent part:

> The parties and their attorneys or other representatives of record and the department shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee.

On September 11, 2014, the referee issued two decisions that denied Claimant unemployment compensation benefits and found that Claimant had received an overpayment of benefits.[2] (Certified Record (C.R.), Item Nos. 13a and 13b). The referee's decisions included a notice advising Claimant that he had fifteen days within which to file an appeal to the Board and identified September 26 as the last date to file an appeal. (C.R., Item Nos. 13a and 13b.) In order to be timely, therefore, Claimant's appeals must have been filed on or before September 26, 2014. Claimant's appeals, however, were not filed until December 17, 2014. (C.R., Item Nos. 14a and 14b.)

Thereafter, the Board sent two letters (one for each appeal), dated December 29, 2014 and January 6, 2015, advising Claimant that his appeals appeared to be untimely and informing him that, if he believed that his appeals were or should be deemed to be timely, he must reply in writing and request a hearing be held to set forth his reasons why he believed his appeals were timely filed. (C.R., Item Nos. 15a and 15b.) Specifically, the December 29 letter stated, in relevant part:

> If you believe that you filed your appeal within the fifteen (15) day period or that it should be deemed timely for other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. . . .
>
> Unless the Board receives a reply, **specifically requesting a hearing on the timeliness issue**, postmarked **by January 13, 2015**, it will proceed to issue an appropriate order. This may result in the dismissal of

---

[2] The referee issued two separate decisions because Claimant had filed two applications for benefits, each covering distinct dates.

your appeal, in which case the referee's decision becomes final and binding on all parties.

(C.R., Item No. 15a (emphasis in original).) The January 5 letter was essentially identical, with the exception that it identified January 21, 2015 as the date by which a request for a hearing must be postmarked. (C.R., Item No. 15b.)

Claimant did not respond to the Board's letters on or before January 13, 2015 or January 21, 2015, respectively. On January 30, 2015, the Board issued two decisions dismissing Claimant's appeals as untimely. (C.R., Item Nos. 16a and 16b.) In both decisions, the Board explained that the "provisions of [Section 502] of the Law are mandatory, and the Board has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein." (*Id.*) The Board noted that pursuant to its regulations,[3] if a party does not request a hearing on the timeliness of the appeal as directed in the December 29, 2014 and January 6, 2015 letters, the

---

[3] Section 101.61(a) of the Board's regulations provides:

> If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a [sic] jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing. If no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.

34 Pa. Code § 101.61(a).

appeal must be dismissed. (*Id.*) Claimant then petitioned this Court for review of the Board's orders.[4]

On appeal to this Court,[5] Claimant asserts that he did not file the appeals on or before the September 26, 2014 deadline because he did not know he was able to file an appeal at that time.[6]

Section 502 of the Law provides that a party has fifteen days to appeal a referee decision to the Board. This statutory time limit is mandatory; failure to file an appeal within the proscribed fifteen-day limit deprives the Board of jurisdiction to consider the matter.[7] *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). "'[F]ailure to file an appeal

---

[4] By order dated April 27, 2015, this Court granted the Board's application to consolidate the appeals.

[5] This Court's scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Han v. Unemployment Comp. Bd. of Review*, 42 A.3d 1155, 1156 n.5 (Pa. Cmwlth. 2012). Claimant does not challenge any of the Board's findings of fact as not supported by substantial evidence. Findings of fact not challenged are conclusive on appeal. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Because Claimant does not challenge any of the Board's findings, they are binding upon this Court. *Owens v. Unemployment Comp. Bd. of Review*, 748 A.2d 794, 797 n.3 (Pa. Cmwlth. 2000).

[6] Claimant also makes various arguments concerning the merits of his case and other ancillary issues. Because the only issue properly before this Court is the timeliness of Claimant's appeal, we will not address these arguments.

[7] The Board may consider an untimely appeal if the appellant can demonstrate his untimeliness is attributable to either (1) agency action that is fraudulent, manifestly wrong or negligent, or (2) non-negligent action beyond his control. *Hessou*, 942 A.2d at 198. Although Claimant asserts that the referee's decisions were wrong and/or unfair, and that he was absent from the referee hearing through no fault of his own, Claimant does not argue, or even imply, that his failure to file the appeals is attributable to anything other than his own lack of understanding.

4

within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal.'" *Id.* (alteration in original) (quoting *United States Postal Serv. v. Unemployment Comp. Bd. of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

Claimant asserts that he did not know he could appeal the September 11, 2014 decisions. This Court has held that "ignorance of the law does not excuse a party to an action from his statutory obligation to file an appeal within the prescribed appeal period." *Finney v. Unemployment Comp. Bd. of Review*, 472 A.2d 752, 754 (Pa. Cmwlth. 1984); *see also Hessou*, 942 A.2d at 200 ("Claimant's unfamiliarity with Board procedure does not excuse his untimely filing."). Claimant, therefore, has not asserted an adequate excuse for his late filings, and the Board was correct to dismiss his appeals as untimely.

Furthermore, this Court has held that failure to request a hearing on the timeliness of an appeal in accordance with Section 101.61(a) of the Board's regulations,[8] and as directed in the Board's letters, warrants dismissal of the appeal. *See Han v. Unemployment Comp. Bd. of Review*, 42 A.3d 1155, 1158 (Pa. Cmwlth. 2012). As this Court explained:

> [T]he Board is without jurisdiction to further consider the matter under [S]ection 502 [of the Law], and it is precluded from considering the facts underlying the timeliness of Claimant's appeal unless they are adduced at a hearing on that issue. Claimant prevented the Board from considering his claims regarding the timeliness of his appeal by failing to request such a hearing and, as a result, we are constrained to conclude that the Board did not err in dismissing his appeal as untimely.

---

[8] 34 Pa. Code § 101.61(a).

*Id.* Here, Claimant failed to request a hearing on the timeliness of his appeals, and the Board, therefore, did not err in dismissing his appeals.

For the reasons discussed above, the orders of the Board are hereby affirmed.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jeffrey B. Morgan,                        :
                 Petitioner     :
                                 :
         v.                              :      No. 379 C.D. 2015
                                 :      No. 412 C.D. 2015
Unemployment Compensation      :
Board of Review,                          :
                Respondent    :

# **O R D E R**

AND NOW, this 2nd day of September, 2015, the orders of the Unemployment Compensation Board of Review are hereby AFFIRMED.

 

                                    _____
                                    P. KEVIN BROBSON, Judge