Shelly A. Franklin,     :
     Petitioner   :
           :
  v.        :
           :
Unemployment Compensation :
Board of Review,     : No. 556 C.D. 2016
     Respondent : Submitted: August 19, 2016


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
    HONORABLE ANNE E. COVEY, Judge
    HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE     FILED: November 30, 2016


    Shelly Franklin (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board). The Board affirmed the decision of the Referee that Claimant's appeal was untimely under Section 502 of the Unemployment Compensation Law (Law),[1] and, thus, was properly dismissed. Upon review, we affirm.

    Claimant filed for unemployment compensation benefits on October 25, 2015. On October 28, 2015, the Department of Labor and Industry (Department) issued a determination denying Claimant benefits. Claimant appealed, and, following a hearing, a Referee issued a determination affirming the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 822. Section 502 of the Law provides that an appeal from a Referee's determination must be filed within fifteen days of the determination.

Department's denial of benefits. The Referee's determination, mailed on December 8, 2015, informed Claimant the last day to appeal the denial of benefits was December 23, 2015. On January 8, 2016, Claimant filed an appeal with the Board. On January 17, 2016, the Board mailed a notice to Claimant, explaining that her appeal was untimely filed, and that she had until January 29, 2016 to request a hearing in order to challenge the untimeliness determination. Claimant did not request a hearing by the deadline, and the Board issued a final order dismissing Claimant's appeal as untimely.

Claimant seeks this Court's review,[2] arguing only that the Referee erred in determining she was ineligible for unemployment benefits.[3]

Section 502 of the Law provides that a Referee's decision becomes final unless an appeal is filed within fifteen days after the mailing of such decision.[4] This fifteen-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Han v. Unemployment Comp. Bd. of Review*, 42 A.3d 1155, 1157 (Pa. Cmwlth. 2012).

---

[2] On appeal, this Court is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether the findings of fact are supported by substantial evidence. *Great Valley Publ'g v. Unemployment Compensation Board of Review*, 136 A.3d 532 (Pa. Cmwlth. 2016).

[3] In her brief, Claimant stated the reason for her late appeal was that she went out of town to look for employment, and, although she forwarded her mail to her temporary residence, she did not receive the Referee's and the Board's letters until after the appeal deadlines. (Claimant's Brief at 4-5.) However, Claimant does not request or argue the right to appeal *nunc pro tunc*.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 822.

Moreover, Section 101.61(a) of the Department's regulations provides:

> (a) If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a [sic] jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing. If no reply from the appealing party is received within the 15–day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.

34 Pa.Code § 101.61(a).[5]

Here, Claimant failed to timely appeal the Referee's determination, never requested a hearing challenging the Board's determination that her appeal was untimely filed, and has not sought *nunc pro tunc* relief. The Referee's decision thus became the final determination of the Board, and Claimant's appeal was properly dismissed. Accordingly, we affirm the decision of the Board.

_____
JOSEPH M. COSGROVE, Judge

---

[5] Section 101.2 of the regulations defines tribunal as "[t]he Board or one of its referees." 34 Pa.Code § 101.2.

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Shelly A. Franklin,                          :
                          Petitioner         :
                                             :
              v.                             :
                                             :
Unemployment Compensation                    :
Board of Review,                             :    No. 556 C.D. 2016
                          Respondent         :


<u>O R D E R</u>


AND NOW, this 30th day of November, 2016, the Order of the Unemployment Compensation Board of Review dated February 17, 2016,  is hereby AFFIRMED.


_____
JOSEPH M. COSGROVE, Judge