IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chironn Davis,                          :
                    Petitioner          :
                                        :
            v.                          :    No. 348 C.D. 2016
                                        :    Submitted: October 7, 2016
Unemployment Compensation Board         :
of Review,                              :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED:  December 7, 2016

        Chironn P. Davis (Claimant) petitions for review of an order of the
Unemployment Compensation Board of Review (Board) dismissing his appeal as
untimely pursuant to Section 502 of the Unemployment Compensation Law
(Law).[1] For the reasons that follow, we affirm.

        Claimant was discharged from his job with US Airways (Employer)
for excessive absenteeism.  The UC Service Center granted his application for
benefits, and Employer appealed.  On November 16, 2015, a Referee issued a
decision holding that Claimant was ineligible for unemployment compensation
benefits under Section 402(e) of the Law, 43 P.S. §802(e).  That same day, a copy
of the decision was mailed to Claimant at his last known post office address; there

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822.

is no indication that it was returned by the postal authorities as undeliverable. The Referee's decision included a notice advising Claimant that he had 15 days to file an appeal to the Board. Thus, in order to be timely, Claimant's appeal had to have been filed on or before December 1, 2015. Claimant did not file an appeal with the Board until January 11, 2016.

On January 13, 2016, the Board advised Claimant in writing that his petition for appeal was untimely and that if he believed the appeal should be deemed timely, he must reply in writing and request a hearing on the timeliness issue. The Board's letter stated:

> If you believe that you filed your appeal within the fifteen (15) day period or that it should be deemed timely for other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. Please mail your request to the Board at the above letterhead address. Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.

Certified Record (C.R. __) Item No. 13 (emphasis in original).

On January 19, 2016, Claimant sent a written response to the Board but did not request a hearing on the timeliness of his appeal. C.R. Item No. 14.[2]

---

[2] Claimant's letter stated:

> Again, I am filing this appeal for very good cause. In my case I do not agree with the referee's decision on my behalf, and my union's behalf. I am Local 1776. Also I went into the hearing unprepared with no type of legal representation barring the proof that I have, and I feel as tho [*sic*] I am entitled to a fair day in Court. Also I have not filed for benefits since they have been cut due to the referee's decision.

C.R. Item No. 14.

As a result, the Board issued an order dismissing Claimant's appeal as untimely pursuant to Section 502 of the Law, 43 P.S. §822. Claimant now petitions for this Court's review.

On appeal,[3] Claimant argues that the Board's order was not supported by substantial evidence and did not properly consider the applicable law. Specifically, Claimant argues that his appeal should be considered timely because of his status as a *pro se* litigant. He also argues that Employer failed to carry its burden of proving willful misconduct, and did not act in accordance with its own termination procedures.

We first address Claimant's argument regarding the timeliness of his appeal. Claimant asserts that an appeal may be submitted late if the delay was not caused by Claimant's own negligence. He argues that his late filing was not the result of his negligence, but, rather, his ignorance of the law as a *pro se* litigant. Claimant's argument lacks merit.

Section 502 of the Law provides that "[t]he referee's decision, and the reasons therefor … shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision…." 43 P.S. §822. If an appeal is not filed within 15 days, the referee's decision becomes final and the Board does not have jurisdiction to consider the matter. *Han v. Unemployment Compensation Board of Review*, 42 A.3d 1155, 1157 (Pa. Cmwlth.

---

[3] This Court's scope of review in an unemployment compensation appeal is to determine whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 936 n.4 (Pa. Cmwlth. 2012).

2012). The 15-day time limit for filing an appeal from the referee's decision is mandatory. *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993).

> Further, Section 101.61(a) of the Department's regulations provides:
>
> (a) If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed *and that he desires a hearing*. If no reply from the appealing party is received within the 15-day period, *or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal*.

34 Pa. Code §101.61(a) (emphasis added).

Failure to request a hearing on the timeliness of an appeal in accordance with Section 101.61(a) of the Board's regulations, and when directed to do so by the Board's letter, warrants the dismissal of the appeal. *See Han*, 42 A.3d at 1155. In *Han*, we explained:

> [T]he Board is without jurisdiction to further consider the matter under [S]ection 502 [of the Law], and it is precluded from considering the facts underlying the timeliness of Claimant's appeal unless they are adduced at a hearing on that issue. Claimant prevented the Board from considering his claims regarding the timeliness of his appeal by failing to request such a hearing and, as a result, we are constrained to conclude that the Board did not err in dismissing his appeal as untimely.

4

*Id.* at 1158. Here, the Board notified Claimant on January 13, 2016, that his appeal appeared to be untimely. As did the claimant in *Han*, Claimant responded to the Board but did not request a hearing. Thus, the Board was prevented from holding a hearing on the timeliness of Claimant's appeal and, consequently, lacked jurisdiction to consider Claimant's appeal under Section 502 of the Law, 43 P.S. §822.

Claimant asserts that he believed his response to the Board was sufficient and asks for leniency based on his ignorance of the law. This Court has observed that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Vann v. Unemployment Compensation Board of Review*, 494 A.2d 1081, 1086 (Pa. 1985) (quoting *Groch v. Unemployment Compensation Board of Review*, 472 A.2d 286, 288 (Pa. Cmwlth. 1984)). What is more, we cannot say Claimant's lack of legal training or expertise played any significant role here. The Board's letter, in bolded text, stated that if Claimant believed his appeal should be deemed timely for any reason, he "must request in writing a hearing to be scheduled" to allow him to explain such reasoning. Claimant, in his response, failed to follow this explicit direction of the Board. Accordingly, the Board did not err in dismissing Claimant's appeal as untimely. [4]

---

[4] Claimant's brief alleges that his landlord withheld his mail for two weeks and he did not receive the Referee's November 16, 2015, decision. Claimant's Brief at 15. This argument would have been properly heard at a timeliness hearing before the Board. However, Claimant's failure to request a hearing precludes this Court from addressing it now.

5

For the foregoing reasons,[5] the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] Even if Claimant's appeal was timely filed, it would fail on the merits. The Referee found that Claimant was terminated for willful misconduct due to excessive absenteeism. Referee's Decision, 11/16/2015, at 2; C.R. Item No. 11 at 2. The Referee found that Employer used a point system attendance policy which provided that any employee who accumulated 12 points may be subject to termination. *Id.* at 1. At the time of Claimant's termination, he had been issued three employee contact reports warning him of his excessive absenteeism, and had accumulated a total of 33 attendance points. *Id.* at 2. Moreover, the Referee found that Claimant offered no adequate justification for his excessive absenteeism. At the hearing Claimant offered into evidence a funeral notice and two court orders requiring his appearance. C.R. Item No. 10. The Referee found this insufficient to justify Claimant's absenteeism that resulted in 33 attendance points. Referee's Decision, 11/16/2015, at 2; C.R. Item No. 11 at 2. We agree. Accordingly, Employer met its burden of proving that Claimant committed willful misconduct.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chironn Davis, : 
           Petitioner : 
        :
           v. :   No. 348 C.D. 2016
        :
Unemployment Compensation Board : 
of Review, : 
           Respondent : 

# **O R D E R**

AND NOW, this 7th day of December, 2016, the order of the Unemployment Compensation Board of Review dated February 2, 2016, in the above-captioned matter is AFFIRMED.

                         _____
                         MARY HANNAH LEAVITT, President Judge