# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen DePaul-Green, : 
               Petitioner : 
                       :
        v. : No. 1807 C.D. 2017
                       : SUBMITTED: October 16, 2018
Unemployment Compensation : 
Board of Review, : 
               Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: November 9, 2018**

        Kathleen DePaul-Green (Petitioner) appeals from the Unemployment Compensation Board of Review's (the UCBR) order dismissing her appeal of the Referee's decision denying benefits as untimely under Section 502 of the Unemployment Compensation Law[1] (Law). We affirm.

        The findings of fact set forth in the UCBR's Decision and Order (Agency Record "A.R.," Item 16) are not disputed by Petitioner. On August 17, 2017, the Referee issued the decision denying Petitioner benefits. (Referee's Decision/Order, 8/17/17, A.R., Item 12.) The same day, a copy of the Referee's decision was mailed to Petitioner at her last known address. (*Id.*) The Referee's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822. Section 502 of the Law provides that a referee's decision is a final decision of the Board "unless an appeal is filed therefrom, within fifteen days after the date of such decision. . . ." *Id.*

decision included notice of the right to appeal and stated that interested parties had fifteen (15) days in which to file a valid appeal. (*Id.*) As indicated in the mailing, to be timely Petitioner's appeal would have had to have been filed on or before September 1, 2017. (*Id.*) There is no indication that the mailing of the copy of the Referee's decision was returned by the Postal Service as undeliverable (UCBR Decision and Order, 11/6/17, A.R., Item 16, Second Finding of Fact No. 1[2]).

Petitioner's *pro se* appeal was filed on September 5, 2017, four days past the running of the fifteen-day limitation period provided by Section 502 of the Law. (*See* Claimant's Petition for Appeal from Referee's Decision/Order w/ Attachments, 9/5/17, A.R., Item 13). On September 21, 2017, the UCBR advised Petitioner in writing that her appeal appeared to be untimely and that, if she believed that the appeal was or should be deemed timely filed, she must reply in writing and request a hearing to provide an opportunity for testimony regarding the timeliness of the appeal. (*Id.*) Petitioner, again acting *pro se*, sent a written response, but did not request a hearing on the timeliness issue. (Claimant's Request for Reconsideration, 10/2/17, A.R., Item 15).

The UCBR's order dismissing Petitioner's appeal was issued November 6, 2017. Petitioner's appeal to this Court followed.

On appeal,[3] Petitioner raises one issue: Whether the UCBR erred in finding that Petitioner's appeal was filed untimely? Petitioner's argument is as follows:

---

[2] The UCBR's Decision and Order contains eight findings of fact, but due to an enumeration error the last five findings are numbered 1-5. (UCBR Decision and Order, 11/6/17, A.R. Item 16 at pp. 1-2).

[3] Based on the argument presented here, our scope of review is limited to determining whether an error of law was committed, an issue over which we exercise plenary review. *See Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).

> It is manifestly wrong and negligent for the Referee to issue a decision when the fifteen-day appeal period will run at the beginning of holiday weekend [sic] where the filing office will be closed on the following Monday. In the instant matter, Petitioner calculated the time for filing her appeal to the best of her ability and filed on the next available business day, Tuesday, September 5, 2017. Under these circumstances, no hearing was required under Section 502 of the Unemployment Compensation Law … As such Petitioner's appeal should be accepted *nunc pro tunc*.

(Petitioner's Amended Brief at 7-8.)[4]

Section 502 of the Law specifically provides that "[t]he referee's decision, and the reasons therefor, ... shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision...." 43 P.S. § 822; *see also* 34 Pa.Code § 101.82(a).[5] This fifteen-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *UGI Utils., Inc. v. Unemployment Comp. Bd. of Review*, 776 A.2d 344, 347 (Pa. Cmwlth. 2001). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace

---

[4] The fifteen-day limitation period ran on the Friday (September 1, 2017) before a long holiday weekend (Labor Day 2017 was Monday, September 4, 2017).

[5] Department of Labor and Industry regulations provide as follows:

> A party seeking to appeal a Department determination shall file an appeal in the form and manner specified in § 101.81 (relating to filing of appeal from determination of Department) and this section on or before the 15th day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him at his last known post office address.

34 Pa.Code § 101.82(a).

or indulgence; otherwise, there would be no finality to judicial action." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). Therefore, even an appeal filed merely one day after the expiration of the fifteen-day time period must be dismissed as an untimely appeal. *Id.*

Section 101.61(a) of the Department of Labor and Industry's regulations provides:

> If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have [] jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days of the date of such notice, that he contends the appeal or application for further appeal was timely filed *and that he desires a hearing*. If no reply from the appealing party is received within the 15 day period, *or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal*.

34 Pa. Code §101.61(a) (emphasis supplied). Section 101.61(a) provides that a party seeking to establish the timeliness of an appeal is *required* to request a hearing at which the party can present the reasons for the untimeliness, i.e., evidence that would support an appeal *nunc pro tunc*. *Id.* If a claimant fails to request a hearing on the issue of timeliness, the UCBR is without jurisdiction to further consider the matter under Section 502 of the Law and is precluded from considering the facts underlying the timeliness of the appeal. *Han v. Unemployment Comp. Bd. of Review*, 42 A.3d 1155, 1158 (Pa. Cmwlth. 2012).

Petitioner did not request a hearing on the issue of timeliness and her argument regarding the timing of the Referee's mailing of the decision appears for the first time in Petitioner's brief to the Court. Because Petitioner did not comply

4

with the requirement of requesting a hearing on the timeliness of her appeal, the UCBR took the action required of it and dismissed her appeal. *See* 34 Pa.Code § 101.61(a).[6]

        For the above reasons, we affirm.

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[6] We note that Petitioner's appeal and request for reconsideration were filed *pro se* (Claimant's Petition for Appeal from Referee's Decision/Order w/Attachments, 9/5/17, A.R., Item 13; Claimant's Request for Reconsideration, 10/2/17, A.R., Item 15). The fact that Petitioner, acting *pro se*, may not have understood the mandatory nature of the limitation period cannot be remedied by this Court:

> Any lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing. [The c]laimant's failure to adhere to the rules of appellate procedure and his failure to raise any issues within our scope of review preclude any meaningful review by this Court.

*Daly v. Unemployment Comp. Bd. of Review*, 631 A.2d 720, 722 (Pa. Cmwlth. 1993) (citation omitted).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen DePaul-Green,       :
               Petitioner    :
                           :
           v.           :   No. 1807 C.D. 2017
                           :
Unemployment Compensation    :
Board of Review,             :
              Respondent   :

# O R D E R

AND NOW, this 9th day of November, 2018, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge