# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa N. Walker, : 
                Petitioner : 
                : 
         v. : No. 787 C.D. 2019
                : SUBMITTED: March 26, 2020
Unemployment Compensation Board : 
of Review, : 
                Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ELLEN CEISLER, Judge (P.)
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: April 27, 2020**

Melissa N. Walker, Claimant, petitions for review of the order of the Unemployment Compensation Board of Review dismissing her appeal from the Referee's decision as untimely under Section 502 of the Unemployment Compensation Law (Law).[1]

The facts are as follows. Claimant initially filed her claim against her former employer, Lillian's Care, Inc. (Employer) on February 27, 2018. (Certified Record "C.R.," Item 1.) Employer requested relief from charges asserting that Claimant's separation was voluntary. (C.R., Item 2.) On November 14, 2018, the Department of Labor and Industry, Bureau of Unemployment Compensation

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 822.

Benefits sent a letter with questionnaires to Claimant, due November 21, 2018. (C.R., Item 3.)

On January 9 and 10, 2019, the Department issued determinations denying benefits pursuant to Section 402(b)[2] of the Law and assessing a fault overpayment against Claimant pursuant to Section 804(a) of the Law.[3] (C.R., Item 4.) The final dates to appeal these determinations were January 23 and 25, 2019, respectively. (*Id.*) Claimant filed an appeal from the Department's determinations on February 7, 2019, and a referee conducted a hearing. (C.R., Items 5-8.)

On March 13, 2019, the referee issued a decision which dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law.[4] (C.R., Item 9.) A copy of the referee's decision was mailed to Claimant at her last known post office address at that time. (*Id.*) The decision was accompanied by a notice stating that interested parties had fifteen days in which to file a valid appeal. (*Id.*) There is no indication that the decision mailed to Claimant was returned by the postal authorities as undeliverable. (*See* C.R.) Thus, in order to be timely, Claimant's appeal needed to be filed on or before March 28, 2019. (C.R., Item 9.) Claimant's appeal was filed on April 19, 2019. (C.R., Item 10.)

The Board sent Claimant a letter on April 25, 2019 notifying her that her appeal was filed more than fifteen days after the referee's decision was mailed and that:

> If you believe that you filed your appeal within the fifteen (15) day period or that it should be deemed timely or other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your

---

[2] 43 P.S. § 802(b).

[3] 43 P.S. § 874(a).

[4] 43 P.S. § 821(e).

reasons as to why you believe your appeal was timely filed. . . . Unless the Board receives a reply, **specifically requesting a hearing on the timeliness issue**, postmarked by *May 10, 2019*, it will proceed to issue an appropriate order. This may result in the dismissal of your appeal, in which case the Referee's decision becomes final and binding on all parties.

[C.R., Item 14 (emphasis in original).] Claimant sent a written response (by fax) to the Board stating, "I, Melissa Walker, would like to appeal my court hearing I have a [sic] excuse. Please if you have any question please call, Melissa [W]alker at [phone number]." (C.R., Item 12.) On May 31, 2019, the Board dismissed Claimant's appeal as untimely under Section 502 of the Law. (C.R., Item 13.)[5]

---

[5] A letter from Claimant dated June 6, 2019, *after* the Board's decision and order, stated as follows:

> My name is Melissa Walker, I am writing you about my unemployment case that was filed. But later on in the following year was brought up to unemployment that I quit my job. Which was a lie that came from the company that I worked for which was shut down for almost a year.
>
> I am writing to appeal and to ask for you to reconsider your decision that have [sic] been made about my case. Please this is my first time ever going through something like this[.] The reason why I was late with my Appeal is because of the Mailman[.] I was receiving all my mail late or it was either in someone else's Mail box. I have been trying to state my point many of times but it seem like I was filling out things and sending letters that was [sic] not written the correct way. Please consider a hearing for me please! I am new to this type of situation this is not only for me it's for my family. I have a future that I am trying to create and with this being held over my head would not look good at all. Also I am employed now been employed for almost a year. However unemployment made a lot of mistakes on their [sic] behalf and the employer I was working for and I would like to handle this in a professional manner. Which would be a hearing, my Mail is always late I even have bills that I was late on

3

Claimant petitions for review from the Board's decision and order, raising the following issue: "Did the Board err in dismissing [her] appeal for untimeliness under Section 502 of the Law?" (Claimant's Br. at 6.) Claimant argues that she did not have to use "specific language or a designated phrase" in complying with the requirement that she request a hearing. [6]

Under Section 502 of the Law, an appeal to the Board must be filed "within fifteen days after the date of [the referee's] decision . . ." or the referee's decision "shall be deemed a final decision of the Board." 43 P.S. § 822. This fifteen-day appeal period is mandatory; if an appeal is not timely filed within the specified period of time, the determination becomes final and the Board does not have jurisdiction to consider the matter. *Shea v. Unemployment Comp. Bd. of Review,* 898 A.2d 31, 33 (Pa. Cmwlth. 2006). The Board's regulations provide as follows:

> If an appeal from a decision of the Department . . . appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a [sic] jurisdiction because of the late filing, and that the appeal . . . will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding [fifteen] days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and *that he desires a hearing*. If no reply from the appealing party is received within the [fifteen]-day period, *or if the appealing party does not request a hearing*, the tribunal shall dismiss the appeal or application for further appeal.

---

also because of this situation. Therefore could you please reconsider your decision I would really appreciate it.

(C.R., Item 14.)

[6] As the issue raised is a question of law, we exercise plenary review. *Powell v. Unemployment Comp. Bd. of Review*, 157 A.3d 884, 890 (Pa. 2017).

4

34 Pa. Code § 101.61(a) (emphasis added).

Claimant asserts that her case differs from *Han v. Unemployment Compensation Board of Review,* 42 A.3d 1155 (Pa. Cmwlth. 2012), which was relied upon by the Board in its decision and is cited again in its brief to this Court. In *Han*, the claimant sent a written response to a similar letter from the Board, but did not request a hearing on the timeliness of his appeal. *Id.* at 1156. This Court relied upon Section 502 of the Law and 34 Pa. Code § 101.61 in concluding that the claimant had failed to timely appeal the referee's decision within fifteen days and had failed to request a hearing on the issue of timeliness. *Id.* The difference between her case and *Han*, Claimant argues, is that Claimant requested a chance to explain her reason for a late appeal. (Claimant's Br. at 13.)

Claimant likens this case to that described in the unreported decision in *Phillips v. Unemployment Compensation Board of Review,* (Pa. Cmwlth., Nos. 1191-1198 C.D. 2016, filed May 12, 2017), in which the claimant requested a "chance to state [her] case," *Id.,* slip op. at 3, and cited the Supreme Court's decision in *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364, 366-67 (Pa. 1984), for the proposition that the Supreme Court has refused to give "overly technical, restrictive readings to procedural rules," particularly with respect to remedial statutes like the Law, with dismissals being "particularly disfavored." *Phillips*, slip op. at 4 (quoting *Miller*, 476 A.2d at 366-67).

*Miller* involved an appeal governed by the Pennsylvania Rules of Appellate Procedure. As we noted in *Han*, while *Miller* is the standard by which the timeliness of appeals under the Rules of Appellate Procedure must certainly be judged, the Supreme Court's holding in that case is not applicable to appeals made to administrative agencies. *Han*, 42 A.3d at 1158 n.8 [quoting *Vereb v. Unemployment Comp. Bd. of Review*, 676 A.2d 1290, 1294 (Pa. Cmwlth. 1996)].

5

We have distinguished *Miller* from cases such as the instant one, in that the regulations governing unemployment compensation appeals to the Board do not provide for substantial compliance. *See UGI Utils., Inc. v. Unemployment Comp. Bd. of Review,* 776 A.2d 344, 348 n.4 (Pa. Cmwlth. 2001).

In *Phillips*, this Court held that "under the specific circumstances presented," the Board should have scheduled a hearing on the timeliness of the claimant's appeal. *Phillips*, slip op. at 4. The specific circumstances included the claimant's requesting in her appeal to the Board "a chance to state her case," but also allegations that she did not receive anything in the mail and that she had contacted the Department several times and spoke to the "wrong people." *Id.*, slip op. at 3. This Court found that the "aforementioned communications were sufficient to inform the Board that [c]laimant requested to be heard on the timeliness of her Decision Appeal Petitions." *Id.*, slip op. at 4.

Clearly here, Claimant did not specifically request a hearing. However, the Board's letter informed her that her appeal was late and that if she wished to contest that determination she had to request a hearing in writing. Having been told that her only option for moving forward was to request a hearing, "to set forth your reasons why you believe your appeal [should be deemed timely]," she replied, in writing, "I have [an] excuse." While not a model of clarity, we believe her response was sufficient to advise the Board that she wished to tell her side of the story with respect to the only issue it raised, timeliness of her appeal.

For the above reasons, we will reverse the order of the Board and remand for a hearing on the timeliness issue.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa N. Walker,                          :
         Petitioner          :
                            :
        v.                          :   No. 787 C.D. 2019
                            :
Unemployment Compensation Board             :
of Review,                                  :
         Respondent          :

## **O R D E R**

AND NOW, this 27th day of April, 2020, the order of the Unemployment Compensation Board of Review (Board) in the instant matter is REVERSED and the matter is remanded for a hearing on the issue of the timeliness of Melissa N. Walker's appeal to the Board.

      Jurisdiction is relinquished.

<br>

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge